UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Stacey Belle,

Petitioner,

v.

Warden Shelbie Smith,

Respondent.

Case No. 1:25-cv-1959

ORDER AND JUDGMENT ENTRY

## I. Introduction

Petitioner Stacey Belle filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, concerning his conviction in the Cuyahoga County, Ohio Court of Common Pleas on charges of rape and kidnapping. (Doc. No. 1). Magistrate Judge Reuben J. Sheperd reviewed the petition as well as the related briefing pursuant to Local Rule 72.2(b)(2) and recommends I dismiss Belle's petition as untimely. (Doc. No. 10). Belle filed objections to Judge Sheperd's Report and Recommendation. (Doc. No. 13). For the reasons stated below, I overrule Belle's objections and adopt Judge Sheperd's Report and Recommendation.

## II. Background

Belle was charged by a Cuyahoga County grand jury in three separate indictments in 2017, stemming from incidents occurring on July 4, 2012 (Case #1), May 21, 1997 (Case #2), and August 14, 1998 (Case 3#). (Doc. No. 10 at 1-2) (citing *State v. Belle*, 2019-Ohio-787, 2019 WL 1077871, at *1-2 (Ohio Ct. App. March 7, 2019)). After Belle waived his right to a jury trial, the cases proceeded at a bench trial. The trial court judge found Belle guilty of one count each of rape and kidnapping in

Case #1 and one count each of rape and kidnapping in Case #2. (Doc. No. 10 at 2-3). Each conviction carried a sexually violent predator specification. (*Id.*). Belle was found not guilty of two counts of rape in Case #1 and not guilty on all counts in Case #3. *State v. Bell*, 2019 WL 1077871, at *2. Belle received an aggregate sentence of 18 years to life in prison. (Doc. No. 10 at 5).

Belle's convictions were upheld on appeal, though the Eighth District Court of Appeals remanded the case to the trial court for a nunc pro tunc entry clarifying that the "life tail" imposed on Belle's sentences in both cases was imposed because Belle was convicted of the sexually violent predator specifications. *State v. Bell*, 2019 WL 1077871, at *10. Belle filed a notice of appeal and motion for delayed appeal with the Supreme Court of Ohio on June 20, 2019. (Doc. No. 10 at 6). Though Belle's motion for delayed appeal was granted, that appeal subsequently was dismissed for want of prosecution on September 25, 2019, after Belle failed to file a brief in support of jurisdiction. (*Id.* at 6-7).

Meanwhile, the trial court issued its nunc pro tunc entry correcting Belle's sentence on May 1, 2019, and Belle filed a motion to vacate his judgment of conviction on May 17, 2019. (*Id.* at 7). The trial court denied Belle's motion on February 14, 2023, and his appeal from that denial was dismissed on May 19, 2023, after Belle failed to file his appellate brief. (*Id.*). Belle filed his petition for a writ of habeas corpus in this Court on September 16, 2025. (*See* Doc. No. 1).

"In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Belle must demonstrate, by clear and convincing evidence, that the state court's factual findings were incorrect. *Id.* *See also Burt v. Titlow*, 571 U.S. 12, 18 (2013) ("The prisoner bears the burden of rebutting the state court's factual findings 'by clear and convincing evidence.'") (quoting 28 U.S.C. § 2254(e)(1)).

Belle has not done so. He objects to portions of the Eighth District Court of Appeals' summary of the factual record as quoted by Judge Sheperd, as well as part of Judge Sheperd's summary of his post-conviction proceedings. (Doc. No. 13 at 3-6). But Belle raises only his disagreement with the trial court's factual findings and does not offer any evidence, much less clear and convincing evidence, that those findings were incorrect. Therefore, I adopt those sections of the Report and Recommendation in full. (Doc. No. 10 at 1-7).

## III. STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Written objections "provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately' . . . [and] 'to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.'" *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting U*nited States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

## IV. DISCUSSION

### A. BELLE'S § 2254 PETITION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the issuance of a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d).

A habeas petition brought pursuant to § 2254 must be filed within one year "from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2244(d)(1).

Judge Sheperd concluded Belle's conviction became final on December 24, 2019, after the deadline for Belle to file a writ of certiorari with the United States Supreme Court expired. (Doc. No. 10 at 16-17). Judge Sheperd also concluded that Belle's post-conviction proceedings statutorily tolled the limitations period until July 3, 2023. (*Id.* at 18). Judge Sheperd recommends I conclude Belle has not established a basis for equitable tolling of the limitations period and that I deny Belle's petition as untimely because he filed it 15 months after his July 3, 2024 deadline to do so. (*Id.* at 18-20).

Belle objects to this recommendation. He first argues that the one-year limitations period should be tolled until June 2025, when he allegedly learned he could raise an ineffective assistance of trial counsel claim in a federal habeas petition. (Doc. No. 13 at 14-15). Belle contends that deadline should be tolled under § 2244(d)(1)(B), because he was denied appointed counsel during his post-

conviction proceedings, depriving him of "a meaningful opportunity to raise an ineffective trial counsel claim." (*Id.* at 15).

But § 2244(d)(1)(B) tolls the limitations period only if a state action prevented Belle from filing his federal habeas petition. *See, e.g., Winkfield v. Bagley*, 66 F. App'x 578, 583 (6th Cir. 2003) ("'Section 2244(d)(1)(B) requires a causal relationship between the unconstitutional state action and being prevented from filing the petition.'") (quoting *Dunker v. Bissonnette,* 154 F.Supp.2d 95, 105 (D. Mass. 2001)). Even if Belle was improperly denied counsel when he filed his post-conviction motion in the trial court – and he was not[1] – the record demonstrates Belle knew he could bring ineffective assistance of trial counsel claims no later than March 14, 2023, when his appeal of the trial court's denial of his post-conviction motion was filed with the Eighth District Court of Appeals. (*See* Doc. No. 6-1 at 266-68). Thus, any alleged state impediment to Belle's ability to file a federal habeas petition had been removed by March 14, 2023, and § 2244(d)(1)(B) does not render his § 2254 petition timely.

Nor has Belle established he is entitled to equitable tolling. A habeas petitioner seeking equitable tolling of AEDPA's one-year limitations period must show "'he has been pursuing his rights diligently . . . [and] that some extraordinary circumstance stood in his way and prevented timely filing.'" *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)) (further citation and internal quotation marks omitted by *Hall*). Equitable tolling "is used sparingly by federal courts," and the petitioner "bears the burden of proving he is entitled to it." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010) (citing *Graham-*

[1] A criminal defendant has a constitutional right to counsel on direct appeal from a judgment of conviction only; there is no right to counsel in postconviction proceedings. *See, e.g., Morgan v. Eads*, 818 N.E.2d 1157, 1161 (Ohio 2004) (citing *Coleman v. Thompson*, 501 U.S. 722, 756 (1991), and *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)).

*Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000, and *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

Belle argues he is entitled to equitable tolling because:

> he was unable to discover existing case law in the years that he was appealing his case because he cannot read or understand state and federal law and cases, and he cannot write a motion or pleading in state and federal court. Belle made many requests for information on what he needed to do with his case, and he did not find anyone until October 2024. It took that person over 11 months to thoroughly review the transcripts, motion[s], briefs, and court decisions, and then put it all together and write Belle's habeas petition.

(Doc. No. 13 at 16). According to Belle, his filings in both state and federal court have been late due to his dyslexia. (*Id.* at 19).

But Belle's explanations for his late filing do not constitute extraordinary circumstances. In *Bush v. Fender*, the Sixth Circuit rejected a habeas petitioner's argument that "his dyslexia and the lack of legal assistance at his prison" supported application of the equitable tolling doctrine. No. 20-3050, 2020 WL 3969864, at *2 (6th Cir. May 27, 2020). There, the Sixth Circuit observed "'[a]n inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements of filing his claims.'" *Id.* (quoting *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002)) (alteration by *Bush*).

That court also concluded the petitioner had "not made a substantial showing that his dyslexia, which [had] not prevented him from pursuing various forms of post-conviction relief, qualifie[d] as a mental condition sufficient to warrant equitable tolling." *Bush*, 2020 WL 3969864, at *2. The same is true in this case, where Belle filed, *pro se*: (1) a petition to vacate his conviction and sentence, (Doc. No. 6-1 at 169-75); (2) a motion for leave to supplement his post-conviction motion, (*id.* at 192); (3) a reply brief to the state's brief in opposition to his post-conviction motion, (*id.* at 240-46); (4) a motion to clarify his supplement to his post-conviction motion, (*id.* at 248); (5) a notice of appeal of the trial court's denial of his post-conviction motion, (*id.* at 257-59); (6) a

praecipe requesting the trial court record for his appeal, (*id.* at 266-70); and (7) a motion for delayed appeal to the Supreme Court of Ohio, (*id.* at 294).

Nor does Belle's alleged inability to find someone at the prison to assist him with a habeas petition constitute an extraordinary circumstance.[2] *Bush*, 2020 WL 3969864, at *2 (concluding the "lack of legal assistance at [the petitioner's] prison also does not support equitable tolling") (citing *Hall*, 662 F.3d at 751-52). *See also Taylor v. McKee*, 649 F.3d 446, 452-53 (6th Cir. 2011) (holding "prisoners are not necessarily entitled to 'legal writers,' but instead must only be given 'meaningful access to the courts,' which could be provided through such means as adequate assistance from persons trained in the law *or* access to adequate libraries") (quoting *Bounds v. Smith,* 430 U.S. 817, 828 (1977)) (emphasis in original).

Belle did not comply with AEDPA's one-year limitations period, and he fails to show he is entitled to equitable tolling. Therefore, I overrule his objections and deny his petition.

## B. CERTIFICATE OF APPEALABILITY

A habeas corpus petitioner is not entitled to a certificate of appealability as a matter of right but must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner need not demonstrate he should prevail on the merits. Rather, a petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Belle's petition has not met this standard.

---

[2] I note that Belle's arguments are difficult to reconcile with one another. Either Belle was able to find an inmate legal clerk to assist him with his many post-conviction filings, or he was unable to and his dyslexia does not in fact prevent him from understanding the law and writing and filing motions and briefs in court.

For the reasons set forth in this decision, I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

## V. CONCLUSION

For the reasons stated above, I overrule Petitioner Stacey Belle's objections, (Doc. No. 13), to Judge Sheperd's Report and Recommendation, (Doc. No. 10), and adopt the Report and Recommendation in full. I conclude Belle's § 2254 petition was filed after the statute of limitations expired and deny his petition.

I also conclude Belle fails to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(b)(2), and I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge